The Court holds that the trial court incorrectly instructed the jury that assumption of risk was a valid defense to the wantonness count. Even though I stand alone, I must respectfully dissent. I am of the opinion that, as appellees contend, the present case is distinguishable from BlountBrothers Construction Co. v. Rose, 274 Ala. 429, 437,149 So.2d 821, 830 (1962), the case cited by the Court in reversing the trial court. In Blount Brothers Construction Co., the injured party was not upon the premises for the purpose of repairing a defect on the premises or of machinery or appliances located on the premises, as is the case here.
I agree that where a risk separate and distinct from those created by the defects to be repaired under the contract results in the injury or death of a contractor or the contractor's employees, the contractee cannot successfully invoke the defense of assumption of risk as a defense to a wantonness count. The other members of the Court apparently think that the premises owner here did create a risk separate and apart from those created by the defect to be repaired. I do not think so. I believe that the general rule governing the extent of an owner's duty to furnish an independent contractor and his employees a safe place to work and to warn them of hidden dangers is applicable under the facts of this case. TheBlount Brothers Construction Co. case, therefore, can be distinguished.
This Court has previously held that "a premises owner [generally] owes no duty of care to employees of an independent contractor with respect to working conditions arising during the progress of the work on the contract." Weeks v. AlabamaElectric Cooperative, Inc., 419 So.2d 1381 (Ala. 1982). This is especially true as to dangers which the contractor and his employees recognize and assume as part and parcel of the contract entered into with the premises owner. 41 Am.Jur.2dIndependent Contractors, § 28 (1968).
Here, the contractor and his employees knew that the tank they had agreed to repair had been previously filled with a volatile material. This fact, along with the fact that Chance smelled gasoline fumes, was sufficient to alert him to the dangers inherent in the repair he was about to attempt. Having such knowledge, he can only be seen as having assumed the danger as a calculated risk of his performance of the contract, in my opinion. His assumption of a known, and in my view, almost certain, risk could, if the jury so found, insulate the premises owner from liability, whether that liability was based upon a theory of negligence or of wantonness. Consequently, I cannot join in reversing this case. Furthermore, even assuming that the trial court incorrectly instructed the jury, did that error prejudicially affect *Page 302 
Chance's right to a fair trial? I think not. If it was error, it was harmless. Rule 45, Ala.R.App.P. The fact that the jury returned a verdict on the simple negligence count is further evidence that the "harmless error" rule would be uniquely applicable here.
Under the factual situation of this case, I would adopt the following rule of law:
 ". . . [T]he owner is not liable for death or injury of an independent contractor or his employees resulting from dangers which the contractor, as an expert, has known, or as to which he and his employees `assumed the risk.' As to contracts for such repair work, it is reasoned that the contract is sufficient in itself to impart notice of a defect, the extent of which the repairman must discover for himself. . . ."
See, 41 Am.Jur.2d Independent Contractors, § 28 (1968).
Consequently, I respectfully dissent.